**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4096
_____

UNITED STATES OF AMERICA

v.

ERICA NEALY,
                Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-97-cr-00031-001)
District Judge: Hon. William H. Walls
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2011

BEFORE: MCKEE, Chief Judge, VANASKIE and COWEN , Circuit Judges

(Filed: November 3, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

Erica Nealy appeals from the judgment of sentencing entered against her by the United States District Court for the District of New Jersey. For the following reasons, we will affirm.

I.

On July 18, 1996, Nealy attempted to enter the United States at the Newark airport with 3.59 kilograms of marijuana in the form of hashish oil taped to her thighs. Nealy subsequently pled guilty to importing a controlled substance in violation of 21 U.S.C. §§ 952(a) and 960, and was released on bail pending sentencing. When the sentencing hearing took place on April 25, 1997, however, she failed to appear and a warrant was issued for her arrest. Nealy remained at large for the next thirteen years, until January 9, 2010, when she was arrested for shoplifting in Arizona. She was then transferred back to New Jersey.

Prior to sentencing, Nealy informed the probation office that the information she had provided in 1997—including her identity—was false. Nealy explained that her real name was "Karlena Angelina Dawson," that she was a Jamaican citizen, and that she had failed to appear for her 1997 court date because she needed to care for her newly born disabled child. Nealy also stated that she had only agreed to import drugs so that she and her three children could have the means to get away from her abusive husband.

The Presentence Investigation Report ("PSR") calculated Nealy's base offense level at 26. Although she qualified for a two-point reduction for being a "minor participant" in her crime, see U.S.S.G. § 3B1.2, she was also given a two-point enhancement for obstruction of justice, see U.S.S.G. § 3C1.1. Because Nealy had absconded from authorities, the PSR determined that she was not eligible for an acceptance of responsibility departure under U.S.S.G. § 3E1.1. Given that she had no prior criminal history, she was assigned a criminal history category of I, which resulted in an advisory Guidelines range of 63 to 78 months of imprisonment.

At sentencing, Nealy objected to the denial of a two-point reduction for acceptance of responsibility. She argued that she readily accepted responsibility for the crime and that she failed to appear at sentencing only because she was obligated to care for her newborn, disabled child. Nealy also moved to reduce her sentence pursuant to the "safety valve provision," § 5C1.2 of the Guidelines. See 18 U.S.C. § 3553(f). In addition, she advocated for a below-Guidelines sentence based on the § 3553(a) factors, emphasizing her family obligations, her abusive relationship with her husband, her difficult upbringing, and the fact that she was facing deportation. The government opposed Nealy's challenges to the calculation of her Guidelines range as well as her request for a downward variance, pointing out that her thirteen-year absence was not justified by her responsibility to care for a child in 1997, that she did not provide truthful information to the government about her offense conduct in 1997, and that the information she provided in 2010 could not be verified.

After considering both parties' arguments, the District Court rejected Nealy's requests for a reduction in her offense level as well as her request for a variance. The court sentenced Nealy to 63 months of imprisonment, the bottom of the advisory Guidelines range.

## II.

We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. When reviewing a sentence on appeal, we first ensure that the sentencing court did not commit a serious procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007). We then "review the substantive reasonableness of the sentence under an abuse-of-discretion standard," while keeping in mind that, "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008).

## III.

Nealy argues that the District Court made three errors at sentencing by: (1) failing to apply a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. §

3E1.1(a); (2) denying her request for a "safety valve" departure pursuant to § 3553(f); and (3) failing to properly consider all of the § 3553(a) factors. We disagree.

First, the District Court did not err in determining that Nealy was not entitled to a two-point reduction for acceptance of responsibility. Section 3E1.1 permits a two-level decrease if a defendant "clearly demonstrates acceptance of responsibility for [her] offense." U.S.S.G. § 3E1.1(a). Such a decrease is generally not available, however, for a defendant who has received an obstruction of justice enhancement because obstructionist behavior "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." See id., cmt. n. 4. Although the Guidelines recognize that there may be "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply," U.S.S.G. § 3E1.1(a), cmt. n. 4, the District Court reasonably determined that Nealy's reasons for absconding were not so extraordinary as to justify a reduction in her offense level; as the District Court explained, while a child's medical condition might be considered justification for "one, two, three years" of absence from the court, "there is no excuse after 2000, and she was not apprehended until ten years into this new century, 2010." (JA28.)

Second, the District Court did not err in denying Nealy safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. A defendant may receive a two-point reduction in her offense level if, among other things, she establishes that she "has truthfully provided to the Government all information and evidence [she] has concerning the offense . . . ." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The government opposed

5

Nealy's motion on the ground that she had failed to satisfy this criterion, noting that she had provided authorities with a false identity upon her arrest, that much of the information she provided in 1997 about her background and circumstances surrounding the crime was—by her own admission—also false, and that, although she now claims that she eventually provided truthful information, her new version of events remains largely unverifiable.  The District Court found the government's argument persuasive, explaining that it had "little trust as to what [Nealy] says and in what she does." (JA36.)  We see no error in the District Court's determination that Nealy failed to show that she merited safety valve relief.

Finally, the arguments presented by Nealy that the District Court's sentences were procedurally and substantively unreasonable are unavailing.  Although Nealy contends that the court failed to meaningfully consider the mitigation evidence she offered in support of a below-Guidelines sentence—namely, her disabled child, her abusive relationship with her husband, her difficult childhood, and the fact that she was facing deportation—we are convinced that the District Court adequately considered these arguments in mitigation along with the other § 3553(a) factors.[1]  See United States v. Rita, 551 U.S. 338, 358 (2007) ("In the present case the sentencing judge's statement of reasons was brief but legally sufficient . . . .  The record makes clear that the sentencing

---

[1] To the extent that Nealy argues that the District Court precluded her attorney from presenting argument in support of a variance under § 3553(a), we agree with the government that the court was likely referring to arguments concerning § 3553(f), the safety valve provision, and not subsection (a), when it indicated that it would "not listen[] to any other 3553 treatment." (JA37.)

judge listened to each argument."); United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007) ("A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account.")  Therefore, the District Court did not procedurally err.  Furthermore, because it cannot be said that "no reasonable sentencing court would have imposed the same sentence on [Nealy] for the reasons the district court provided[,]" Tomko, 562 F.3d at 568, Nealy has not shown that her sentence was substantively unreasonable.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentencing.